IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

PATRICK J. CHAREST,            :

    Plaintiff,              :

vs.                            :   CIVIL ACTION 04-0687-BH-M

OFFICER MONTGOMERY, et al.,    :

    Defendants.             :

REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se,* filed a § 1983 action.  This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and is now before the undersigned on Plaintiff's Motion for Temporary Restraining Order and/or in the Alternative, for a Preliminary Injunction (Doc. 13) and Supplement (Doc. 14) (hereinafter "Motion").  For the reasons stated below, it is recommended Plaintiff's Motion be denied.

I. Plaintiff's Motion (Docs. 13 & 14).

While incarcerated at Limestone Correctional Facility, Plaintiff filed the present Motion on July 5, 2005 (Doc. 13), in anticipation of his Rule 32 hearing scheduled for July 11, 2005, in the Circuit Court of Baldwin County, Alabama.  The bases for Plaintiff's Motion is that he expects to be transported at "excessive" rates of speed from Montgomery to Baldwin County and to be subjected to the conditions at the Baldwin County Jail that

he complains about in his Complaint (Doc. 12).

Plaintiff argues that there is a substantial likelihood that he will succeed on the merits of his case, there is a substantial likelihood of irreparable injury or harm that will occur if the order is not granted, and the record has evidence of a real and immediate threat of repeated injury to him, and also he cursorily reiterates the four elements for obtaining preliminary injunctive relief (Doc. 13 at 2).

In Plaintiff's Supplement filed on July 18, 2005, a week after he had been at the Baldwin County Jail, he complains that he was driven at rates of speeds of 85 to 95 miles per hour on I-65 from Limestone Correctional Facility, is not being allowed to do legal research at the jail, was placed in lock-up where he was denied access to proper hygiene and legal supplies, and has been shoved and verbally abused (Doc. 14).  Plaintiff requests the Court to rule on his prior motion and that his filing (Doc. 13) be treated as "a supplemental amendment in partial form."

II.  Discussion.

In order for Plaintiff to prevail on a request for a preliminary injunctive relief, he must show:

> (1) a substantial likelihood that he will ultimately prevail on the merits; (2) that he will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be adverse to public

> interest.  "The preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites."

*Zardui-Quintana v. Richard*, 768 F.2d 1213, 1216 (11th Cir. 1985). It is mandatory that the movant convince the Court that *all* four factors are satisfied.  *United States v. Jefferson County*, 720 F.2d 1511, 1519 (11th Cir. 1983) (finding that a preliminary injunction was properly denied where movant failed to established one factor because movant bore burden of persuasion on each of the four factors); *United States v. Lambert,* 695 F.2d 536, 540 (11th Cir. 1983) (same).

Injunctive relief will not issue unless the complained of conduct is imminent and no other relief or compensation is available.  *Cunningham v. Adams,* 808 F.2d 815, 821 (11th Cir. 1987); *Sullivan v. Division of Elections*, 718 F.2d 363, 365 (11th Cir. 1983).  Further, a temporary restraining order or a preliminary injunction is a drastic remedy used primarily for maintaining the *status quo* of the parties.  *University of Texas v. Camenisch*, 451 U.S. 390, 395, 101 S.Ct. 1830, 1834, 68 L.Ed.2d 175 (1981); *Cate v. Oldham,* 707 F.2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982).

In the present Motion, Plaintiff must establish that there is a substantial likelihood that he will ultimately prevail on the merits.  However, a Report and Recommendation has been

entered recommending the dismissal of most of Plaintiff's claims in this action prior to service of process pursuant to 28 U.S.C. § 1915A(b)(1) because they either are frivolous or fail to state a claim upon which relief can be granted (Doc. 17).  Thus, the undersigned finds that Plaintiff has failed to carry his burden on this element.

In addition, Plaintiff has not met his burden of persuasion in regard to the elements that the threatened injury to him outweighs whatever damage the proposed injunction may cause Defendants and that the injunction, if issued, would not be adverse to public interest.  Plaintiff has simply not discussed these elements.  He has only conclusorily referred to them when he reiterated the legal standard for preliminary injunctive relief to issue.  Therefore, he has not satisfied his burden on these two elements.

III.   Conclusion.

Because Plaintiff has failed to meet his burden on at least one element (actually three elements), the Court is foregoing a discussion on the fourth element.  *See Jefferson County*, 720 F.2d at 1519 (finding that a preliminary injunction was properly denied where movant failed to meet the burden of persuasion on one factor because movant bore burden of persuasion on each of the four factors).  Accordingly, it is recommended that Plaintiff's Motion (Docs. 13 & 14) be denied.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the

5

fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    DONE this 6th day of February, 2006.

                                      s/BERT W. MILLING, JR.
                                      UNITED STATES MAGISTRATE JUDGE