IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

PATRICK J. CHAREST,            :

    Plaintiff,                :

vs.                            :    CIVIL ACTION 04-0687-BH-M

OFFICER MONTGOMERY, et al.,    :

    Defendants.               :

REPORT AND RECOMMENDATION

This action is before the Court on Plaintiff's Motion for Leave to Amend Due to Disclosure of Latent Defendant's Being Revealed by Means of Limited Discovery for Leave to Amend Complaint (hereinafter "motion"). (Doc. 59) This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2 (c)(4). It is recommended that the Motion be denied for the reasons set forth herein.

Plaintiff seeks to add as Defendants Sergeant David Weatherford and Cpl. John Cox of the Baldwin County Corrections Center, stating this will not delay his case which is "now ripe for a jury trial." (Doc. 59) Plaintiff relates that Weatherford and Cox are connected to his claim based on a violation of a right to bodily privacy by members of the opposite sex under the Fourth Amendment that is proceeding in this action and that he only found out about their culpability when Defendants Hadley, Cox, and Montgomery responded to his First Set of Interrogatories

on February 13, 2007.  (Docs. 54, 56)  Then, Plaintiff sets out the language from Defendants' Answers that provides the bases for his Motion, to-wit:

> "A.  At page Three(3), in RESPONSE, to INTERROGATORY #12 "*The immediate supervisor for all three defendants would have been Staff Sergeant David Weatherford, who was located in the jail and worked identical hours*" Id.
>
> "B.  At pages Five (5), and Six (6), in RESPONSE TO ADMISSIONS #24 "*The other Cox working at the BCJ was Cpl. John Cox.  It is impossible to determine at this late stage whether Cpl. John Cox was working in the docket room, ... on the date in question.*" Id.

Referring to these Answers, Plaintiff makes the following statements in his Motion.

> Based upon this revelation, such brings forth a right bestowed upon Charest, to either amend and/or supplement his previous filed COMPLAINT, by relevant facts, supporting civil charges against these two (2) newly discovered Defendant's during discovery.
> § 3.    Charest desires to include, per se these two (2) new Defendant's to his previous claim, and/or bring additional claim(s) against these two(2) specific named defendants, otherwise unknown to a limited degree, by both parties.

Plaintiff filed his Motion after Defendants filed their Answer (Doc. 44).  In the motion, Plaintiff does not describe his claims against Weatherford and Cox and does not attach a copy of his amendment to the Motion.

2

Leave to amend a complaint after responsive pleadings have been filed "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a); *see Shipner v. Eastern Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989).  "[T]he district court may consider such factors as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of amendment.'"  *Nolin v. Douglas County*, 903 F.2d 1546, 1550 (11th Cir. 1990) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230(1962)), *overruled on other grounds*, *McKinney v. Pate*, 20 F.3d 1550, 1559 (11th Cir. 1994). Permission to amend may be denied when the claim, as amended, is subject to dismissal.  *See Halliburton & Assoc. v. Henderson, Few & Co.*, 774 F.2d 441, 444 (11th Cir. 1985).

"A motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment."  *Long v. Satz,* 181 F.3d 1275, 1279 (11th Cir. 1999); *see Doe v. Pryor,* 344 F.3d 1282, 1288 (11th Cir. 2003).  Before a court grants leave to amend, the substance of the proposed amendment needs to be before the court because allowing an amendment that would be subject to dismissal is an exercise in futility.  *Accord Foman*, 371 U.S. at 182, 83 S.Ct. at 230.  This production requirement is even more warranted in a

prisoner action where a court is under a duty to screen a complaint, and by extension an amendment, under 28 U.S.C. § 1915A(a) and to dismiss the claims that are frivolous, fail to state a claim upon which relief can be granted, or seek monetary damages from a defendant who is immune from such relief, 28 U.S.C. § 1915A(b).  Due to Plaintiff's failure to put before the Court the substance of his amendment, his Motion is due to be denied.  *Long,* 181 F.3d at 1279-80.

In the alternative, if Plaintiff intends for his Motion to be his amendment, Plaintiff has not alleged what Weatherford or Cox did to violate his constitutional rights.  *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) (finding that a plaintiff must establish a causal connection between a defendant's actions, orders, customs, policies, or breaches of statutory duty and a deprivation of the plaintiff's constitutional rights in order to state a claim upon which relief may be granted in a § 1983 action); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir.) (same), *cert. denied*, 464 U.S. 932 (1983). This is particularly so because in a § 1983 action, liability cannot be imposed solely for the acts of an employee.  *Monell v. Department of Social Services of New York*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036 (1978).  Therefore, Plaintiff has failed to state a claim upon which relief can be granted against Weatherford and Cox.  Accordingly, because such amendment is

subject to dismissal, its allowance would be futile. *Foman*, 371 U.S. at 182, 83 S.Ct. at 230. Thus, on this alternate basis, the Motion is due to be denied.

Based upon the foregoing reasons, it is recommended that Plaintiff's Motion for Leave to Amend Due to Disclosure of Latent Defendant's Being Revealed by Means of Limited Discovery for Leave to Amend Complaint (Doc. 59) be denied.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **<u>Objection</u>**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred

5

      to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

    A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    DONE this 19th day of March, 2007.

                                      s/BERT W. MILLING, JR.
                                    UNITED STATES MAGISTRATE JUDGE